ATLANTIC INS. CO. v. SINKER, DAVIS & CO.

(No. 1511, Op. Book No. 2, p. 145.)

APPEAL from Parker County. Opinion by WALKER, A. S., J.

§ 954. *Garnishment; venue.* The Atlantic Insurance Company was garnished in a suit pending in P. county. The company was located in New York. Service was had upon its agent, who resided in T. county. The agent pleaded to the jurisdiction of the county court of P. county, and also answered that the company was indebted to two of the debtors upon a policy of insurance for loss by fire of property situated in P. county. The plea to the jurisdiction was overruled. *Held* that, in the absence of any allegation showing a liability of the company to be sued in P. county, the court erred in overruling the plea to the jurisdiction. The statute [Pas. Dig. 167; R. S. 195] does not require the garnishee, when answer is contested (and the answer in this case was contested), to litigate elsewhere than at his residence. In this case the facts developed that the policy of insurance from which the debt arose was upon property in P. county. Had the pleadings developed such facts, it would have become necessary to determine whether the general law fixing venue in suits against foreign corporations would not control. Article 22, R. S., authorizes suits against fire insurance companies in any county where any part of the insured property is situated, but in this case there was no allegation in the plaintiff's pleadings which brought the case within this article.

§ **955.** *Amendment; garnishee; subsequent writs.* A garnishee has the right to amend his answer, but such amendment cannot do more than state facts existing at the time of the garnishment, and bearing upon the liability of the garnishee at that date. Subsequent writs of garnishment served upon the garnishee could not affect the rights of the plaintiffs in the first writ, and an amended answer of the garnishee setting up such subsequent proceedings was held to be immaterial and properly stricken out.

§ **956.** *Garnishment; where the debtor is a firm.* Where there are several defendants, the property of each is of course liable for the whole debt. In such case, therefore, if it appear that the garnishee is indebted to one or more of the defendants, though not to all, he will be charged. [Drake on Attach. § 566.]

June 16, 1880.                    Reversed and remanded.